IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AARON MCABEE                                                                                    PLAINTIFF

V.                                            NO. 15-5097

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Aaron McAbee, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for a period of disability and disability insurance benefits (DIB), supplemental security income (SSI), and child's insurance benefits, pursuant to Titles II and XVI of the Social Security Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for SSI and child's benefits on September 21, 2012, alleging he was disabled beginning on August 26, 2012, due to dyslexia, anger management, shattered femur, and anxiety. (Tr. 236-241, 242-248, 324, 329). An application for DIB was later added to the case. An administrative hearing was held on September 10, 2013, at which Plaintiff was represented by counsel and testified. (Tr. 38-80).

By written decision dated October 31, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – fracture of the lower limb from motor vehicle accident. (Tr. 25). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or

1

equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 26). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling.

(Tr. 26). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be capable of performing past relevant work as a manifest clerk, and that this work did not require the performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 31). The ALJ concluded that Plaintiff had not been under a disability within the meaning of the Act from August 26, 2012, through the date of the decision, and that he was not under a disability within the meaning of the Act prior to attaining age 22.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 6, 2015. (Tr. 6-10). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10-12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a

2

reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the

3

impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);   20 C.F.R. §§404.1520, 416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520, 416.920

### III.    Discussion:

Plaintiff's sole argument in this matter is that the ALJ erred in finding Plaintiff could return to the least strenuous of his past duties, when Plaintiff's past work was actually a "composite job" which entailed the duties of two jobs, and must therefore be evaluated according Plaintiff's ability to return to his past work as actually performed, rather than as generally performed in the national economy. Defendant argues that the manifest clerk job was not a composite job, and therefore, the ALJ appropriately analyzed Plaintiff's ability to perform his past relevant work.

Whether Plaintiff's past relevant work constitutes a "composite job" is critical to the Court's analysis.  A composite job is "[w]ork that has a blend of tasks from several different occupations."  Blackwell v. Colvin, No. 4:14 CV 252 JMB, 2015 WL 4132000 at *17 (E.D. Mo. July 8, 2015).   The Court in Blackwell cited the case of Arriaga v. Astrue, No. 8:11CV261, 2012 WL 4105091, *17 (D. Neb. Sept. 18, 2012), at length, as follows:

> The Commissioner may use two different tests to determine whether a claimant retains the capacity to perform his past relevant work. *See* SSR 82-61, 1975-1982 Soc.Sec.Rep. Serv. 836, 1982 WL 131987, at *17 Sept. 18, 2012 (1982). Under the first test, a claimant will be found "not disabled" if he

> retains the RFC to perform "[t]he actual functional demands and job duties of a particular past relevant **job**." *Id.* at *2. Under the second test, a claimant will be found "not disabled" if he retains the RFC to perform "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.* To determine how a **job** is usually performed in the national economy, the Commissioner may rely on **job** descriptions appearing in the Dictionary of Occupational Titles (DOT). *Id.* **However, composite jobs "have significant elements of two or more occupations and, as such, have no counterpart in the DOT." *Id.* Therefore, when a claimant's past relevant work is considered to be a composite job, the claimant's ability to perform his past job must be "evaluated according to the particular facts of each individual case." *Id.***

Blackwell, 2015 WL 4132000 at *17 quoting Arriaga, 2012 WL 4105091, at *17 (emphasis supplied).

In the present case, at the hearing, Plaintiff testified that when he began working at Simmons, he worked as a stacker, and after he was hired on a full-time basis, he was moved to a forklift position, "and I worked as a forklift driver, and also, as a manifester." (Tr. 54). He stated that when he was moved as the manifester, he stood over computers printing labels off and sticking the labels to the pallets that he had stacked. "And if I wasn't doing that, if we was [sic] short-handed somebody, either our supervisor or lead would pull someone in from another shift and have them do my job, and make me go back to stacking." (Tr. 54).

Also at the hearing, the VE testified that the stacker position was listed in the DOT at the heavy exertional level, with a semi-skilled SVP of 3, and that the manifest clerk was listed at the sedentary exertional level, with a semi-skilled SVP of 4. (Tr. 78).The ALJ then presented the following hypothetical question to the VE:

> Q: I'd like you to assume a hypothetical person, a younger individual with high school education. This person can do sedentary work as defined by the regulations – with additional limitations of can occasionally climb, balance, crawl, kneel, stoop, crouch; sedentary with those postural limitations that I gave you. Could that person return to the manifest clerk position?
>
> A: Yes, your honor, that would be possible.

5

(Tr. 79).

The Court is of the opinion that the record establishes that Plaintiff's past work as a manifest clerk involved duties attributable to two distinct occupations - both generally, and as described in the DOT. Neither the VE nor the ALJ explicitly mentioned the term "composite," but a fair reading of the Plaintiff's testimony nonetheless establishes that Plaintiff's past work as a manifest clerk involved duties that were actually defined by two distinct occupations, generally, and as described in the DOT. Therefore, as in Blackwell, the ALJ was required, as a matter of law, to address Plaintiff's past relevant work under the composite job rubric. "A failure to do so constitutes an error of law and grounds for remand." Blackwell at *17.

Based upon the foregoing, the Court finds this matter should be remanded to the ALJ for further proceedings regarding Plaintiff's ability to perform his past relevant work or, in the alternative, for further consideration of Plaintiff's ability, in light of all relevant factors, to make an adjustment to other work available in the national economy.

**IV. Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 25th day of July, 2016.

/s/ *Erin L. Steer*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE